2017 IL App (1st) 153516

SIXTH DIVISION
February 3, 2017

No. 1-15-3516

| | | |
|---|---|---|
| BLACKSTONE CONDOMINIUM ASSOCIATION, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 14 M1 125041 |
| | ) | |
| MAYA SPEIGHTS-CARNEGIE, | ) | Honorable |
| | ) | John Allegretti, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE ROCHFORD delivered the judgment of the court, with opinion.
Presiding Justice Hoffman and Justice Cunningham concurred
in the judgment and opinion.

## OPINION

¶ 1    Plaintiff-appellant, Blackstone Condominium Association, appeals the denial of its attorney fee petition. We affirm.

¶ 2    Defendant-appellee, Maya Speights-Carnegie, was the owner of a condominium unit located at 6509 S. Blackstone Avenue, Unit 1, in Chicago. On October 6, 2011, plaintiff filed a forcible entry and detainer action against defendant for failure to pay her condominium assessments. The trial court entered an order for possession, after which defendant filed a motion to vacate. In the interim, the unit was foreclosed upon by Chase Home Finance, LLC. The motion was granted, and the order for possession was vacated on March 30, 2012. Plaintiff decided to not proceed with the forcible entry and detainer action because defendant no longer had a possessory interest in the unit.

¶ 3    On April 29, 2014, plaintiff filed a complaint against defendant, alleging she had failed to pay condominium assessments, from February 2010 through January 2012, in violation of section 9(a) of the Condominium Property Act, which provides that "[i]t shall be the duty of each unit owner including the developer to pay his proportionate share of the common expenses

commencing with the first conveyance." 765 ILCS 605/9(a) (West 2014). Plaintiff sought $6,396 in damages, plus attorney fees and costs. On the civil action cover sheet, filed with the complaint, plaintiff characterized its complaint as being one of breach of contract. The case was assigned to a general small claims courtroom.

¶ 4    A bench trial was held on April 8, 2015, after which the trial court entered judgment in favor of plaintiff in the amount of $4,301, plus costs. Defendant filed a motion for reconsideration, and the trial court reduced the judgment to $2,913.

¶ 5    On August 7, 2015, plaintiff filed its petition for attorney fees. On November 29, 2015, the trial court denied plaintiff's petition, finding that the underlying action was for breach of contract, but that plaintiff had failed to produce a written instrument or condominium declaration providing for attorney fees in the event of a breach by defendant.

¶ 6    Plaintiff filed this timely appeal.

¶ 7    "Illinois follows the 'American rule,' which prohibits prevailing parties from recovering their attorney fees from the losing party, absent express statutory or contractual provisions. [Citation.] Accordingly, statutes which allow for such fees must be strictly construed as they are in derogation of the common law." *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 64.

¶ 8    Plaintiff argues that it incurred attorney fees while litigating its breach of contract action against defendant to recover her share of the condominium assessments she had defaulted on, and that it is entitled to recovery of those attorney fees from defendant under section 9.2(b) of the Condominium Property Act, which states:

"Any attorneys' fees incurred by the Association arising out of a default by any unit owner, his tenant, invitee or guest in the performance of any of the provisions of the condominium instruments, rules and regulations or any applicable statute or ordinance

shall be added to, and deemed a part of, his respective share of the common expense[s]." 765 ILCS 605/9.2(b) (West 2014).

¶ 9 Plaintiff argues that, under section 9.2(b), the attorney fees here became part of defendant's unpaid share of the common expenses, which were recoverable by plaintiff. However, we note that section 9.2(b) does not explicitly provide for *how* plaintiff is to recover defendant's unpaid share of the common expenses, including attorney fees. *Board of Directors of Warren Boulevard Condominium Ass'n v. Milton*, 399 Ill. App. 3d 922 (2010), is informative as to how such common expenses may be recovered. In *Milton*, we held that the relevant statutory provisions of the Condominium Property Act (765 ILCS 605/1 *et seq.* (West 2008)), and the Forcible Entry and Detainer Act (735 ILCS 5/9-101 *et seq.* (West 2008)), set forth the appropriate procedure available to a condominium association for remedying a default in the obligations of a unit owner. *Milton*, 399 Ill. App. 3d at 923-24. Specifically, we noted that sections 9(g)(1) and 9(h) of the Condominium Property Act (765 ILCS 605/9(g)(1), (h) (West 2008)), provide that, if a unit owner fails to make a timely payment of common expenses, the amount due shall constitute a lien on the interest of the unit owner in the property, which may be foreclosed upon by the board of managers of the condominium association. *Milton*, 399 Ill. App. 3d at 924. We also noted that section 9.2(a) of the Condominium Property Act (765 ILCS 605/9.2(a) (West 2008)), titled "Other remedies," alternatively provides that the board of managers may maintain an action for possession against the defaulting unit owner under the Forcible Entry and Detainer Act (735 ILCS 5/9-101 *et seq.* (West 2008)). *Milton*, 399 Ill. App. 3d at 924.

¶ 10 *Milton*, thus, indicates that, once a unit owner fails to pay her share of the common expenses, the amount due becomes a lien on the unit owner's interest in the property, and the

condominium association has the option under the Condominium Property Act and the Forcible Entry and Detainer Act of filing a foreclosure action or a forcible entry and detainer action against the unit owner.

¶ 11    In the present case, plaintiff initially filed a forcible entry and detainer action against defendant in October 2011 for failure to pay her condominium assessments, but decided not to proceed on that action after defendant's unit was foreclosed on by Chase Home Finance, LLC, and she lost possession. Instead, plaintiff filed a breach of contract action against defendant in April 2014, and won a judgment of $4,301 plus costs, which later was reduced to $2,913. As plaintiff pursued a contract theory of recovery against defendant, instead of a statutory theory of recovery under either the Condominium Property Act, or the Forcible Entry and Detainer Act, plaintiff cannot avail itself of any attorney fee remedies permitted under those acts. In the absence of a statutory basis for the recovery of its attorney fees, plaintiff may only recover those fees pursuant to contract. *Sandholm*, 2012 IL 111443, ¶ 64. Only those fees that are reasonable will be allowed, the determination of which is left to the sound discretion of the trial court. *Kaiser v. MEPC American Properties, Inc.*, 164 Ill. App. 3d 978, 983 (1987). Here, however, as correctly noted by the trial court, plaintiff has failed to identify any written instrument or condominium declaration, *i.e.*, any contract, providing for its recovery of attorney fees in this action against defendant. Accordingly, the trial court committed no abuse of discretion in denying plaintiff's fee petition.

¶ 12    Affirmed.